IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01892-CMA-KLM

JENNIFER PERINN,

    Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO,
COMMERCE CITY POLICE OFFICER NICHOLAS CARR, in his individual and
    official capacity as a Commerce City Police Officer,
COMMERCE CITY POLICE OFFICER GILMORE, in his individual and official
    capacity as a Commerce City Police Officer,
COMMERCE CITY POLICE OFFICER JAMES QUEISNER, in his individual and
    official capacity as a Commerce City Police Officer,
COMMERCE CITY POLICE OFFICER WALKINSHAW, in his individual and
    official capacity as a Commerce City Police Officer, and
COMMERCE CITY POLICE OFFICER KEVIN WOOD, in his individual and
    official capacity as a Commerce City Police Officer,

    Defendants.

**ORDER GRANTING MOTION TO REMAND TO ADAMS COUNTY,
COLORADO, DISTRICT COURT**

This matter is before the Court on Plaintiff Jennifer Perinn's Motion to Remand to Adams County, Colorado District Court (Doc. # 29) ("Motion to Remand'). For the following reasons, the Motion is granted.

## I. **BACKGROUND**

This action arises from an incident that occurred on May 6, 2010, during which Commerce City Police Officers allegedly fired nineteen shots in a residential area, killing a man believed to be extremely dangerous and injuring Plaintiff. (Doc. # 34.)

On May 5, 2011, Plaintiff filed a Complaint in Adams County District Court, asserting two claims for relief resulting from violations of 42 U.S.C. § 1983 and one claim for assault and battery against the above-captioned Defendants, as well as the Commerce City Police Department, Chief Phillip Baca, and Commerce City Police Officers Eric Ewing, Jeremy Jenkins, Kevin Lord, Rob McCoy, Walkinshaw, and Brandon Zborowski. (Doc. # 1-2.) On June 23, 2011, Plaintiff filed an Amended Complaint (Doc. # 1-4).

On July 20, 2011, Defendant City of Commerce City filed a Verified Notice of Removal, removing the Adams County District Court action on grounds that this Court has original jurisdiction over Plaintiff's federal claims. (Doc. # 1.) On August 22, 2011, Plaintiff filed a Motion for Leave to File Amended Complaint and a proposed second amended Complaint, which Motion was referred to United States Magistrate Judge Kristen L. Mix. (Doc. ## 28, 30.) That same day, Plaintiff also filed the instant Motion to Remand, seeking remand to state court on grounds that the second amended complaint does not contain any federal claims. (Doc. # 29.)

On August 23, 2011, Magistrate Judge Mix granted Plaintiff's Motion and accepted the Second Amended Complaint ("Complaint"), which alleges two claims for relief: assault and battery and intentional infliction of emotional distress.  (Doc s. ## 33, 34.)

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs, and is between" parties of diverse citizenship.  28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a).

In the instant case, the Court lacks original jurisdiction over Plaintiff's claims. Neither of Plaintiff's claims arise under the Constitution, laws, or treaties of the United States, and the parties are all citizens of Colorado.  Therefore, the Court finds that remand of this action to state court is warranted.

## III.  CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1)     Plaintiff's Motion to Remand to Adams County, Colorado District Court (Doc. # 29) is GRANTED; and

(2) This matter is REMANDED in its entirety to the District Court for Adams County, Colorado.

DATED: September __12__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge